O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1771 AHM (MANx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | JANICE SALGADO v. DOWNEY SAVINGS & LOAN ASSOCIATION, F.A., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

On January 15, 2009, Plaintiff Janice Salgado filed this action in California Superior Court. Plaintiff alleges that she is entitled to rescission of her home refinancing loan from Defendants Downey Savings & Loan Association and DSL Service Co., due to fraud and unilateral mistake. Specifically, Plaintiff alleges that Defendants failed to disclose the effects of a "Yield Spread Premium" on her note rate, monthly payments, and finance charges. Plaintiff also alleges that Defendants failed to credit her for all of the payments she made on the loan. The claims (styled as "Rescission Based on Fraud," "Rescission Based on Unilateral Mistake," and "Fraud") are all brought under California law, although in her "unilateral mistake" claim Plaintiff alleges that enforcing the loan note would be unconscionable because "public policy and statutory requirements by Federal Truth-In-Lending regulations mandate specific disclosures of accurate figures such as finances charges, NOTE RATE, and terms and conditions of the note and its interest rate." Compl. ¶ 40.[1]

On March 13, 2009, U.S. Bank National Association, Successor in Interest to the Federal Deposit Insurance Corporation as Receiver for Downey Savings and Loan Association, F.A. and DSL Service Company ("USB"), filed a notice to remove this

---

[1] Plaintiff also filed in state court two applications for a temporary restraining order, both of which were denied for untimeliness. On February 18, 2009, Plaintiff filed a motion for a preliminary injunction with a noticed hearing date of March 17, 2009. Although this case was removed to this Court on March 13, 2009, and this Court hears noticed motions only on Monday mornings, Plaintiff has not sought to have her motion re-calendared.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1771 AHM (MANx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | JANICE SALGADO v. DOWNEY SAVINGS & LOAN ASSOCIATION, F.A., et al. | | |

action on the basis of federal question jurisdiction under 28 U.S.C. § 1441(a). USB contends that although all three of Plaintiff's claims are purportedly brought under California state law, the "tenor of Plaintiff's Complaint reveals that Plaintiff is attempting to plead a violation of the 'Truth in Lending Act,' 15 U.S.C. § 1601 *et seq.* ('TILA')". Notice of Removal ¶ 5. Thus, USB asserts, under the well pleaded complaint rule Plaintiff's Complaint arises under federal law. This Court was not satisfied with USB's explanation of this Court's jurisdiction, and on March 18, 2009 I ordered USB to show cause why this case should not be remanded. USB filed its response on March 27, 2009. For the reasons stated below, the Court now DISCHARGES the Order to Show Cause.

**I.     LEGAL STANDARDS FOR REMOVAL**

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute — here, USB. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A removing defendant must set forth "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

A Plaintiff may not defeat removal of a federal claim by "artfully pleading" it as a state claim. *See generally Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983). This "artful pleading" doctrine applies primarily to areas completely preempted by federal law. William W. Schwarzer, *et al.*, California Practice Guide: Federal Civil Procedure Before Trial § 2:714 (2007). The "artful pleading" rule does not, however, apply when the plaintiff has a viable state law claim in addition to a federal claim and chooses to sue on the state claim. *Id.* at § 2:713 (citing *Redwood Theatres, Inc. v. Festival Enters., Inc.*, 908 F.2d 477, 479 (9th Cir. 1990).

**II.    DISCUSSION**

According to USB, no court in this district has expressly addressed removal for loan-related disclosure violations when a Complaint is characterized as having disguised

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1771 AHM (MANx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | JANICE SALGADO v. DOWNEY SAVINGS & LOAN ASSOCIATION, F.A., et al. | | |

TILA claims as state law causes of action.[2] USB bases its artful pleading argument on 12 C.F.R. § 560.2, a regulation promulgated by the federal Office of Thrift Supervision ("OTS") pursuant to the Home Owners' Loan Act of 1933 ("HOLA"). Section 560.2 reads *inter alia*:

> To enhance safety and soundness and to enable federal savings associations to conduct their operations in accordance with best practices (by efficiently delivering low-cost credit to the public free from undue regulatory duplication and burden), *OTS hereby occupies the entire field of lending regulation for federal savings associations.* OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section . . .

12 C.F.R. § 560.2 (emphasis added). Section 560.2(b) goes on to list specific types of state laws that are preempted, including "state laws purporting to impose requirements regarding . . . [l]oan-related fees . . . [and] [d]isclosure and advertising, including laws requiring . . . information . . . to be included in . . . credit contracts, or other credit-related documents . . . ." Section 560.2(c) provides that certain enumerated types of state laws "are not preempted to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section . . . ."

Recently, in a case called *Silvas v. E*Trade Mortgage Corp.* the Ninth Circuit applied 12 C.F.R. § 560.2 to hold that state law claims premised upon certain violations

---

[2] USB cites an order from a court in the Southern District of Mississippi that applied the artful pleading rule to find that although the complaint did not reference TILA explicitly, its disclosure-related claims (arising from a car loan) required application of TILA, and removal was therefore proper. *Gandy v. The Peoples Bank & Trust Co.*, 224 B.R. 340 (S.D. Miss. 1998). It is not entirely clear why the *Gandy* court believed that Gandy's claims were "essentially based upon alleged violations of the TILA," and that case is therefore of limited application here.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1771 AHM (MANx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | JANICE SALGADO v. DOWNEY SAVINGS & LOAN ASSOCIATION, F.A., et al. | | |

of TILA are completely preempted by federal law. 514 F.3d 1001 (9th Cir. 2008). The reasoning of *Silvas* applies to this case.

In *Silvas*, mortgage applicants sued E*Trade for failing to refund allegedly unlawful "lock-in fees" after the applicants validly rescinded their mortgages. The plaintiffs alleged two claims under California's Unfair Competition Law ("UCL"), §§ 17200 and 17500 of the California Business and Professions Code, that were predicated exclusively on violations of TILA. The Ninth Circuit noted that although there is a strong presumption against federal preemption of state law, this presumption is inapplicable to banking because there is a long history of extensive federal regulation of the field. *Id.* at 1104-05. *Silvas* specifically cited 12 C.F.R. § 560.2(b), which preempts state laws that purport to impose requirements regarding loan-related fees, and regarding disclosures and advertising, "including laws requiring . . . information . . . to be included in . . . credit contracts, or other credit-related documents . . . ." 12 C.F.R. § 560.2(b)(5) and (9).

The OTS has outlined the procedure for evaluating whether a state law is preempted under § 560.2(b):

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996).

In *Silvas*, the plaintiffs' UCL claims alleged that E*Trade violated the UCL by including false information on its website and charging unlawful lock-in fees. The Ninth Circuit found that these claims were based on E*Trade's disclosures and advertising, and on its loan-related fees. *Id.* Because these types of claims are specifically addressed by 12 C.F.R. § 560.2(b), the Ninth Circuit did not reach the question of whether the UCL

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1771 AHM (MANx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | JANICE SALGADO v. DOWNEY SAVINGS & LOAN ASSOCIATION, F.A., et al. | | |

claims fit within the confines of § 560.2(c).[3] The court stated in a footnote, however, that if it did reach the issue it would reach the same result because "[w]hen federal law preempts a field, it leaves 'no room for the States to supplement it.'" *Id.* at 1007 n.3 (citing *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). Finally, the Ninth Circuit concluded that TILA's savings clause providing that TILA does not preempt state law unless the state law is inconsistent with TILA, 15 U.S.C. § 1610(b), did not trump HOLA or the OTS regulations.

In this case, Plaintiff Salgado's claims are purportedly grounded in state contract and fraud doctrines, but they are clearly directed at enforcing Defendants' alleged responsibility to disclose information about a home loan. Plaintiff's claim for rescission based on unilateral mistake even alleges explicitly that enforcement of the loan would be unconscionable because, among other things, TILA mandates specific disclosures of accurate figures such as finance charges. Plaintiff's claims therefore fall squarely within the confines of 12 C.F.R. § 560.2(b). Thus, as in *Silvas*, this Court need not consider whether Plaintiff's claims fit under § 560.2(c).

For the foregoing reasons, the Court DISCHARGES its March 18, 2009 Order to Show Cause.[4]

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |

---

[3] The plaintiffs argued that their claims fit under §§ 560.2(c)(1) and (4) because they were founded on California contract, commercial, and tort law.

[4] Docket No. 5.